Matter of the Estate of GEORGE W. PARSONS, Deceased.

(Surrogate's Court, New York County, January, 1922.)

**Wills — holographic — writing " this will revoked " across face of will effects neither a revocation nor cancellation — Decedent Estate Law, § 34.**

After the death of a testator his holographic will executed nearly fifty years ago was found in a safe deposit box with the words "Will revoked" and "This will revoked," written vertically across the face of the will, in each instance followed by his name but not those of witnesses. *Held*, that admitting that the quoted words were written by the testator, of which fact there was no conclusive proof, they were ineffectual to work either a revocation or cancellation of the will under section 34 of the Decedent Estate Law.

*Matter of Akers,* 74 App. Div. 461; affd., 173 N. Y. 620, followed.

**48**

Surrogate's Court, New York County, January, 1922.     [Vol. 117.

PROCEEDING for probate of will.

Zabriskie, Sage, Kerr & Gray (George Zabriskie and George Gray Zabriskie, of counsel), for Protestant Episcopal Bishop of New York.

Alexander & Green (Daniel Whitford, of counsel), for Protestant Episcopal Bishop of Long Island.

John G. Daniel, for proponent.

COHALAN, S.   A paper writing duly signed and executed by the above-named testator, dated March 1, 1873, has been filed for probate and the question is whether or not this will has been revoked or cancelled. The will was found in the testator's safe deposit box after his death, which occurred July 12, 1921.   It is torn across horizontally in two places, but this tearing is obviously the result of age and wear, the tears being evidently caused by folding and creasing.   The revocation or cancellation of the will is not predicated on the fact of these tears.   It is based on the words written vertically across its face " Will revoked. Geo. W. Parsons," and " This will is hereby revoked. Geo. W. Parsons."

Section 34 of the Decedent Estate Law provides two methods for rendering a will which has been properly executed, null and void: *First,* that it shall not " be revoked, or altered, otherwise than by some other will in writing, or *some other writing* of the testator, declaring such revocation or alteration, and *executed with the same formalities* with which the will itself was required by law to be executed;" or *second,* " unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself."

The words on the face of the will show an attempt on

the part of the testator to revoke the will by " some other writing of the testator " under the first part of section 34 of the Decedent Estate Law. There is no conclusive proof that the words were written by the testator. It is conceded that the writing resembles that of the will, which is holographic. The will was executed forty-eight years ago, and no proof is submitted that the testator had at all times sole access to it. Admitting, however, that the words were written by the testator, they are ineffective to work a revocation, because the statute has not been complied with in having the revocation " executed with the same formalities with which the will itself was required by law to be executed." There are no witnesses to the revocation.

Proceeding to the second part of section 34 of the Decedent Estate Law, there is no doubt that the will was not burned, torn, obliterated or destroyed; but was it cancelled? To " cancel " in its primary definition (Standard Dictionary) means " to mark out or off, as by drawing or stamping lines across to signify that it is to be omitted;" to draw lines across " something written so as to deface " (Century Dictionary); to " blot out or obliterate " (both dictionaries). " Cancellation " in its legal significance is defined (Bouvier L. Dict. [3d ed.] 416) as " The act of crossing out a writing. The manual operation of tearing or destroying a written instrument." It has been held that " there can be no such thing as a cancellation of an instrument, either as a physical fact or as a legal inference, unless the instrument itself is in some form defaced or obliterated." *Matter of Akers,* 74 App. Div. 461, 466; affd., 173 N. Y. 620. In the *Akers* case the will was holographic, as in this case, and it was written upon legal cap paper, which con-

Surrogate's Court, New York County, January, 1922.     [Vol. 117.

tained a marginal line to the left. In the blank marginal space and running lengthwise the testator had written the words, '' This will and codicil is revoked. January 14/96,'' and under such words had affixed his signature. In that case none of the words of revocation was written across any of the writing of the will itself. The court held that there was no revocation or cancellation. That case was decided on the ground that an examination of the will disclosed the fact that there were no marks on the body of the will which in any way cancelled or obliterated it in any particular, stating that in the cases called to the attention of the court there has been a physical cancellation of some of the words of the will, accompanied by an intent to cancel. In this will before the court there is no obliteration. True the words are written across the face of the will instead of on the margin, as in the *Akers* case, but as there is no obliteration or blurring out of the context of the will, the same reasoning applies to the facts in this case as was applied by the court in the *Akers* case. The testator on this will has written and expressed an intent to revoke his will, but has failed to complete and carry out such intent by the physical act of obliteration or cancellation. The usual method of cancelling any writing is by drawing lines through it or otherwise striking it out. In this case there is an abortive attempt to revoke this will by '' some other writing,'' ineffective under the first part of the statute to accomplish such result and unaccompanied by any obliteration sufficient to accomplish the result as a cancellation under the second part of the statute. In the *Akers* case the opinion states that ''The great weight of authority is to the effect that a mere writing upon a will, which does not in any wise physically obliterate or cancel the same, is insufficient to work a destruction of the will by cancellation, *even*

*though the writing may express an intention to revoke or cancel."* Such is the case in the will now before the court. This will is sought to be revoked by the testator solely by writing, and as it does not comply with the statute the revocation has failed. Failing of revocation by writing, reliance cannot be had on the words alone to effect a cancellation of the will. Such words must be disregarded when they are insufficient physically to accomplish this result.

I therefore hold the will has not been revoked or cancelled. Proceed accordingly.

Decreed accordingly.